## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

MALISSA ROCHELLE GORMAN,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, and WELLS
FARGO BANK, N.A.,

     Defendants.

Case No.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

COMES NOW Plaintiff, MALISSA ROCHELLE GORMAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and WELLS FARGO BANK, N.A. (hereinafter "Wells Fargo") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. and violations of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*.

## **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     This is an action for actual damages, statutory damages, treble damages, costs, and attorney's fees brought pursuant to the EFTA.

3.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

4.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

5.     When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

6. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

7. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

9. Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

10. Plaintiff is a natural person and resident of Yolo County in the State of California. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

11. Equifax is a corporation headquartered at 1550 Peachtree Street, N.W., Atlanta, Georgia, 30309.

12. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

14.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver St, Lawrenceville, Georgia 30046.

15.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

16.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

17.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

18.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

19.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

20.    Wells Fargo is an FDIC insured national bank headquartered at 420 Montgomery Street in San Francisco, California 94104 that upon information and belief conducts business in the State of Georgia.

21.    Wells Fargo is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

22.    Wells Fargo furnished information about Plaintiff to the CRAs that was inaccurate.

23.    Wells Fargo is a "financial institution" as defined by 15 U.S.C. § 1693a(9). Upon information and belief, Wells Fargo is regularly engaged in the business of holding accounts and processing electronic fund transfers initiated by a consumer.

24.    Wells Fargo processed unauthorized electronic fund transfers from Plaintiff's checking account.

## **FACTUAL ALLEGATIONS**

25.    Plaintiff has an account with Wells Fargo, account number ending in x4950, as to a credit card.

26.     Plaintiff has an account with Wells Fargo, account number ending in x5536, as to a flexible spending credit card.

27.     Plaintiff has a checking account with Wells Fargo, account number ending in x8767.

**Violations of EFTA**

28.     On or about August 16, 2023, Wells Fargo processed an unauthorized electronic funds transfer in the amount of $8,000 from Plaintiff's Wells Fargo checking account ending in x8767 to American Express, account number xxxx1000, under the name "Yongde Zhang", confirmation ID B9FY71VP. Plaintiff does not know, nor did she ever authorize a transfer to "Yongde Zhang".

29.     The electronic funds transferred occurred at a time when Plaintiff was not at home and not using her computer.

30.     The unauthorized transfer was initiated through Wells Fargo using Plaintiff's account ending in x8767.

31.     Immediately upon receiving notice of the unauthorized electronic fund transfer, Plaintiff contacted Wells Fargo to dispute the unauthorized electronic fund transfer.

32.     On or about August 21, 2023, Wells Fargo provided case number 281231728 as to the investigation to Plaintiff.

33.    On or about August 25, 2023, Plaintiff received a response from Wells Fargo advising the investigation was completed, and Wells Fargo determined that based upon the IP address, the wire transfer was initiated and authorized by Plaintiff. Wells Fargo failed to conduct a reasonable investigation into the fraud.

34.    On or about September 8, 2023, Plaintiff again contacted Wells Fargo and disputed the unauthorized electronic funds transfer. Plaintiff reiterated that she did not authorize the electronic funds transfer.

35.    On or about October 3, 2023, Plaintiff received a response from  Wells Fargo enclosing the documents used to make their decision in determining the wire transfer was initiated and authorized by Plaintiff. Wells Fargo failed to conduct a reasonable investigation into the fraud.

36.    On or about October 28, 2023, Plaintiff contacted Wells Fargo and disputed the unauthorized electronic funds transfer for a third time. Plaintiff reiterated that she did not authorize the electronic funds transfer.

37.    Plaintiff did not receive dispute results from Wells Fargo, and when Plaintiff attempted to call Wells Fargo for the results, the Wells Fargo representative informed Plaintiff that they could not discuss it over the phone.

38.    Despite Plaintiff having disputed the unauthorized electronic fund transfer, Wells Fargo refused to acknowledge that Plaintiff was defrauded.

39.     Due to the actions and/or inactions of Wells Fargo, Plaintiff suffered from unnecessary and unwanted stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation.

**Violations of FCRA**

40.     Around the same time as the unauthorized electronic funds transfer, Plaintiff became aware of unauthorized charges to her Wells Fargo credit card, account number ending x4950, and Wells Fargo credit card, account number ending x5536.

41.     Shortly thereafter, Plaintiff contacted Wells Fargo to dispute the unauthorized charges to the aforementioned Wells Fargo credit card accounts.

42.     On or about January 17, 2024, Plaintiff obtained copies of her credit reports. Upon review, Plaintiff observed that the Wells Fargo, partial account number ending x4950, was reported with a status of not more than three payments past due and an erroneous balance of $8,878. Further, Plaintiff observed Wells Fargo, partial account number ending x5536, was reported with a status of not more than two payments past due and an erroneous balance of $6,052.

43.     On or about January 20, 2024, Plaintiff filed an identity theft report with the Federal Trade Commission (hereinafter "FTC"), report number 168543782, informing them that she believed she was a victim of identity theft due to the

fraudulent and erroneous funds transfer and charges to her Wells Fargo credit card accounts.

44.    Due to the inaccurate reporting, on or about January 31, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. Plaintiff explained her computer was compromised and that an unauthorized funds transfer was made from her Wells Fargo checking account. Further, Plaintiff explained that unauthorized charges were made to the aforementioned Wells Fargo credit card accounts and that the reported balances were erroneous and did not belong to her. To confirm her identity, Plaintiff included images of her U.S. Passport. Further, Plaintiff included images of the erroneous reporting, images of her filed FTC identity theft report, report number 168543782, and other supporting documents.

45.    Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (7018 1830 0000 0920 5145), Experian (7018 1830 0000 0920 5114), and Trans Union (7018 1830 0000 0920 5152).

46.    On or about February 8, 2024, Plaintiff received a response from Equifax which stated it would not be blocking information but would be contacting each company regarding the disputed information.

47.    Despite confirmation of delivery on February 5, 2024, Plaintiff did not receive dispute results in the mail from Equifax. However, upon review of her

updated Equifax credit report, Plaintiff observed that both the aforementioned Wells Fargo credit card accounts continued to report the erroneous balances.

48.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

49.    Equifax never attempted to contact Plaintiff during the alleged investigation.

50.    Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

51.    On or about February 21, 2024, Plaintiff received dispute results from Trans Union which stated the aforementioned Wells Fargo credit card accounts were verified as accurate and continued to report the erroneous balances.

52.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

53.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.    Upon information and belief, Trans Union notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

55.    On or about March 1, 2024, Plaintiff received dispute results from Experian which stated the aforementioned Wells Fargo credit card accounts were verified as accurate, remained unchanged, and continued to report the erroneous balances.

56.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

57.    Experian never attempted to contact Plaintiff during the alleged investigation.

58.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.    On or about March 28, 2024, Plaintiff submitted online a second detailed dispute letter to the CRAs regarding the continued inaccurate reporting. Plaintiff reiterated her computer was compromised and that an unauthorized funds transfer was made from her Wells Fargo checking account. Further, Plaintiff explained that unauthorized charges were made to the Wells Fargo credit card accounts ending in x4950 and x 5536 and that the reported balances were erroneous

and did not belong to her. To confirm her identity, Plaintiff included images of her U.S. Passport. Further, Plaintiff included images of the erroneous reporting, images of her filed FTC identity theft report, report number 168543782, and other supporting documents.

60.    On or about April 10, 2024, Plaintiff received dispute results from Trans Union which stated the aforementioned Wells Fargo credit card accounts were verified as accurate and continued to report the erroneous balances.

61.    Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

62.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

63.    Upon information and belief, Trans Union notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

64.    On or about April 22, 2024, Plaintiff received dispute results from Experian which stated the aforementioned Wells Fargo credit card accounts were verified as accurate, remained unchanged, and continued to report the erroneous balances.

65.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

66.    Experian never attempted to contact Plaintiff during the alleged investigation.

67.    Upon information and belief, Experian notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

68.    Despite confirmation of delivery, Plaintiff did not receive dispute results from Equifax. However, upon review of her updated Equifax credit report, Plaintiff observed that the aforementioned Wells Fargo credit card accounts continued to be reported with the erroneous balances. Further, on or about April 29, 2024, Plaintiff called Equifax and spoke with a representative who confirmed the investigations were completed and the aforementioned Wells Fargo credit card accounts were verified as accurate.

69.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

70.    Equifax never attempted to contact Plaintiff during the alleged investigation.

71.     Upon information and belief, Equifax notified Wells Fargo of Plaintiff's dispute. However, Wells Fargo failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

72.     On or about April 29, 2024, Plaintiff obtained updated copies of her credit reports. Upon review, Plaintiff observed the Wells Fargo, account number ending in x5536, continued to be reported with an erroneous balance of $5,478. Further, the Wells Fargo, account number ending in x4950, continued to be reported with an erroneous balance of $8,065. Plaintiff made the minimum payments on these accounts solely in an effort to protect her credit rating.

73.     Despite Plaintiff's best efforts, the CRAs continue to report inaccurate and erroneous information to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

74.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

75.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the error;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv.    Apprehensiveness to apply for credit due to the fear of rejection; and

    v.    Plaintiff's debt to income ratio was significantly hurt by the alleged total debt of $13,543.

### CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Negligent)**

76.    Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

77.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

78.    Equifax allowed for Furnisher(s) to report inaccurate information on an account.

79.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

80.    Equifax violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

81.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Equifax Information Services LLC (Willful)**

84.     Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

85.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.     Equifax allowed for Furnisher(s) to report inaccurate information on an account.

87.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

88.    Equifax violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

89.    As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

18

**COUNT III**
**Violation of 15 U.S.C. § 1681i**
**as to Defendant, Equifax Information Services LLC (Negligent)**

92.     Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

93.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

94.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

95.     As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

96.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Equifax Information Services LLC (Willful)

98.     Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

99.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

100.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

101.   As a result of this conduct, action, and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

103.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the

legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b)
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

104.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

105.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

107.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

108.   Experian violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

109.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

110.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

111.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Experian Information Solutions, Inc. (Willful)**

112.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

113.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

114.   Experian allowed for Furnisher(s) to report inaccurate information on an account.

115.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

116.   Experian violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

117.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Negligent)

120.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

121.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

122.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

123.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

124.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Experian Information Solutions, Inc. (Willful)

126.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

127.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

128.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

129.   As a result of this conduct, action, and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from

lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

130.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

131.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IX
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Negligent)**

132.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

133.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

134.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

135.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

136.   Trans Union violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

137.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

138.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
**Violation of 15 U.S.C. § 1681e(b)**
**as to Defendant, Trans Union LLC (Willful)**

140.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

141.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

142.   Trans Union allowed for Furnisher(s) to report inaccurate information on an account.

143.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

144. Trans Union violated its own policies and procedures by not correcting the erroneous balances to make her credit file accurate when Plaintiff provided a copy of the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

145. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

146. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

147. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder

31

from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Negligent)

148.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

149.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

150.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

151.   As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss;

mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

152. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

153. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i
### as to Defendant, Trans Union LLC (Willful)

154. Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

155. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

156. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraudulent and inaccurate balances, upon information and belief, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher, Wells Fargo.

157. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; reduction in credit score; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

158. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

159. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Wells Fargo Bank, N.A. (Negligent)

160.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

161.   Wells Fargo furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

162.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

163.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account balances were fraudulent and inaccurate.

164.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

165.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

166.   As a direct result of this conduct, action and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and inaction of Wells Fargo was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

168.   Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual damages against Defendant, WELLS FARGO BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XIV
### Violation of 15 U.S.C. § 1681s-2(b)
### as to Defendant, Wells Fargo Bank, N.A. (Willful)

169.   Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

170.   Wells Fargo furnished inaccurate account information to the CRAs, and through the CRAs to all of Plaintiff's potential lenders.

171.   After receiving Plaintiff's disputes, Wells Fargo violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to

accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

172.   Plaintiff provided all the relevant information and documents necessary for Wells Fargo to have identified that the account balances were fraudulent and inaccurate.

173.   Wells Fargo did not have any reasonable basis to believe that Plaintiff was responsible for the account balances reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Wells Fargo by Plaintiff in connection with her disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account balances belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

174.   Wells Fargo violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

175.   As a direct result of this conduct, action and/or inaction of Wells Fargo, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

176. The conduct, action, and inaction of Wells Fargo was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

177. Plaintiff is entitled to recover costs and attorney's fees from Wells Fargo in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WELLS FARGO BANK, N.A., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
**Violation of 15 U.S.C. § 1693f**
**as to Defendant, Wells Fargo Bank, N.A.**

178. Plaintiff re-alleges and reincorporates paragraphs one (1) through seventy-five (75) as if fully stated herein.

179.   Wells Fargo violated 15 U.S.C. § 1693f by failing to correct the error or provide a provisional recredit to Plaintiff's account within ten (10) business days of receiving Plaintiff's notice of the error.

180.   Wells Fargo failed to investigate the error in good faith, and it concluded that Plaintiff had authorized the transaction despite having evidence to the contrary.

181.   Wells Fargo failed to make a good faith investigation of the alleged unauthorized transaction and error.

182.   Wells Fargo did not have a reasonable basis for believing that the electronic funds transfer was not in error. Wells Fargo could have done a charge back and attempt to secure the funds back.

183.   Wells Fargo knowingly and willfully concluded that the electronic funds transfer was not in error when such conclusion could not reasonably have been drawn from the evidence available to Wells Fargo at the time of its investigation.

184.   Following a detailed review of Plaintiff's dispute, any reasonable person could have concluded that there was an unauthorized electronic fund transfer.

185.   As a result of the conduct, action and inaction of Wells Fargo, Plaintiff suffered from stress, anxiety, worry, fear, frustration, sleeplessness, nervousness, embarrassment, and humiliation, and the damages otherwise outlined in this Complaint. Plaintiff relied on such income for her daily bills.

186.   The conduct, action, and inaction of Wells Fargo was willful, rendering it liable for actual or statutory damages and treble damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1693m and 15 U.S.C. § 1693f(e).

187.   Plaintiff is entitled to recover reasonable attorney's fees and costs from Wells Fargo in the amount to be determined by the Court pursuant to 15 U.S.C. § 1693m(a)(3).

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award actual or statutory damages and treble damages against Defendant, WELLS FARGO BANK, N.A., jointly and severally; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MALISSA ROCHELLE GORMAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC,

and WELLS FARGO BANK, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 8th day of May 2024.

Respectfully Submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*